[No. 19625. Department Two.   March 31, 1926.]

FRANK LARUE, *Respondent*, v. WONG ON *et al.,*
*co-partners, Appellants.*[1]

[1] EVIDENCE (165)—PAROL AFFECTING WRITTEN CONTRACT—ADMISSI-
BILITY—EVIDENCE FOR PURPOSE OTHER THAN VARYING WRITING.
Where the employer's foreman, after the commencement of work
under written contracts, wrote in a provision for a bonus of
$75, parol evidence is admissible that there was an oral agree-
ment for the payment of such bonus, and that the men under-
stood the provision therefor was included in the contract, as
showing the agent's authority to write in the provision, which
is not varied by the oral testimony.

[2] PLEADING (104)—AMENDMENT TO CONFORM TO PROOFS.   Where
written contracts were alleged to have been made May 10th, but
the proof showed they were corrected later, the complaint
should be considered amended to allege contracts made on the
later date.

[3] PRINCIPAL AND AGENT (33)— POWERS OF AGENT — CONTRACTS OF
EMPLOYMENT.   Where workmen understood that their written
contracts of employment provided for the payment of $75 bonus,
the jury is warranted in finding that a foreman with general
authority at a plant in Alaska had power to finally complete the
written contracts by writing in a provision for the payment of
the bonus.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 16, 1925, upon the verdict of a jury rendered in favor of the plaintiff in an action on contract. Affirmed.

[1]Reported in 244 Pac. 567.

*Edgar S. Hadley,* for appellants.

*G. F. Vanderveer* and *W. G. Beardslee,* for respondent.

PARKER, J.—The plaintiff, LaRue, seeks recovery from the defendants, co-partners, upon ten causes of action, one being for wages alleged to be owing directly to himself, and nine being for wages alleged to be owing to nine of his fellow workers, who have assigned their claims to him. A trial upon the merits, in the superior court for King county, sitting with a jury, resulted in verdict and judgment awarding to the plaintiff recovery in the total sum of $750, being $75 on each cause of action. From this judgment, the defendants have appealed to this court.

On May 10, 1924, respondent LaRue and his assignors each signed a written contract with appellants, each contract being the same in terms, in so far as necessary to be here noticed, by which they each agreed to go upon appellants' boat to Alaska; and work for them there in and about their cannery during the fishing season of 1924. In addition to their regular agreed wages, they were to receive $75 bonus at the end of the season. The written contracts, at the time they were actually signed, did not have the bonus provision written in them, but the evidence was ample to warrant the jury in believing that respondent and his assignors each then believed the bonus provision to be then written in the contracts. The contracts were then kept by appellants, neither respondent nor his assignors then receiving any copies or duplicates thereof. Soon thereafter respondent and his assignors went on board the boat bound for Alaska. Appellant On then went on board the boat with them, but did not accompany them to Alaska. In his then conversation with them concerning their prospective work, and expressing the

hope that they would all get along well together, he said to them, among other things, that they would each be paid $75 bonus at the end of the season's work.

It is plain, from the conversations and negotiations immediately prior to the actual signing of the contracts and the conversation upon the boat, that respondent and his assignors were clearly led to understand that they would each receive $75 bonus at the end of the season, if they remained and faithfully performed their work. Seemingly, the written contracts went to Alaska on the same boat and into the hands of the foreman of the cannery. Upon arrival there, respondent and his assignors commenced their work. Shortly thereafter each was given a copy of his contract, and they then discovered that the bonus provision had not been written into the contracts. They called the foreman's attention to this omission, reminding him of their understanding and belief as to what the contracts really were with reference to bonus. He thereupon wrote the bonus provision into each of the contracts. The written contracts, as thus completed, are the ones upon which recovery is claimed. No question is here raised as to the continuous and faithful performance of labor by respondent and his assignors during the entire season. Since the commencement of this action, all balances due upon the regular wages of respondent and his assignors have been paid, so there remains nothing in controversy other than whether or not appellants are legally obligated to pay the $75 bonuses according to the written contracts, as they were completed by the insertion of the bonus provision by the foreman in Alaska.

As we understand counsel for appellants, his principal contention is that there can be no recovery in this case, since the action is rested upon the written con-

tracts, and that the contracts as written, when actually signed on May 10, 1924, did not contain any bonus provisions.

[1] It is argued that the evidence showing the understanding of the parties, prior to the actual signing of the contracts, was inadmissible as varying the terms of the written contracts. This contention might be well grounded, if that were in fact evidence varying the terms of the written contracts, but it seems to us it is evidence in full harmony with the written contracts as completed in Alaska, for the written contracts as introduced in evidence expressly provide for the payment of the $75 bonus. That evidence, it seems to us, was admissible touching the question of the foreman's authority to insert the bonus provisions.

[2] We do not fail to note that the written contracts are in the complaint alleged to have been made on May 10, 1924, but we think the record of the trial is such as to now call for the regarding of the complaint as being amended to fit the proof of the contracts as being finally made in Alaska on the later date.

[3] It is contended that the writing into the contracts of the bonus provisions by the foreman in Alaska is not proven to have been a duly authorized agency act on his part. In view of what seems to be the general authority of the foreman at the plant, and the undisputed evidence of what the contracts were intended by all parties to be with reference to the $75 bonus, the jury, we think, was warranted in concluding that the foreman was authorized to write into the contracts the bonus provisions. In other words, that it was at that time that the contracts became finally formally completed as written contracts.

The record, we think, shows that appellants had a fair trial upon issues well understood by the parties at

the time of the trial, though the proof varied somewhat from the written complaint.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.